### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

SAMUEL McALLISTER,                       :
      Petitioner,                 :
                      :     **Crim. No. 3:00CR47 (AHN)**
v.                                       :     **Civ. No. 3:01CV778 (AHN)**
                      :
UNITED STATES OF AMERICA,                 :
      Respondent.                 :

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2255

Petitioner Samuel McAllister ("McAllister") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 requesting that his September 14, 2000, conviction be vacated, set aside, and/or corrected.  McAllister pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin, in violation of Title 21 U.S.C. §§ 846 & 841(a)(1), and unlawful possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. § 922(g)(1).  He was sentenced to concurrent terms of 70-months imprisonment and 3-years supervised release for each crime.  In addition, because his arrest and conviction violated the terms of his supervised release, he was also sentenced to a consecutive term of 18-months imprisonment.

McAllister now challenges his conviction and the sentences on the basis of various constitutional defects and ineffective assistance of counsel.  As set forth below, his petition [dkt. # 37] is denied.

BACKGROUND

On November 4, 1999, McAllister was arrested in Bridgeport, Connecticut, while purchasing drugs. Police recovered a black plastic bag containing heroin that McAllister had thrown into a nearby tree, and a 9mm handgun from McAllister's car. Because McAllister's arrest violated the terms of his existing supervised release for an April 1996 conviction relating to unlawful possession of a firearm, he was temporarily detained. On November 9, 1999, after a preliminary detention hearing before a magistrate judge, the court entered a formal order of detention as to McAllister.

On March 8, 2000, while he was detained for violating his supervised release, McAllister was charged in a four-count indictment arising out of the November 1999 drug transaction. On May 30, 2000, McAllister pleaded guilty to counts one and four of the indictment that charged him, respectively, with conspiracy to possess with intent to distribute and to distribute heroin, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. § 922(g)(1). The court sentenced McAllister on September 14, 2000, to two concurrent terms of 70-months imprisonment and 3-years supervised release. On September 21, 2000, the court also imposed a consecutive term of 18-months imprisonment for McAllister's supervised release violation. Because McAllister did not file an appeal, his conviction became final on September

2

25, 2000.[1]

<u>DISCUSSION</u>

McAllister now seeks collateral relief pursuant to § 2255 on a myriad of grounds, principally: (1) his sentence violates the rule in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); (2) he was denied a speedy trial; (3) he was subjected to an illegal search and seizure; (4) the sentencing enhancement for unlawful possession of a firearm was unconstitutional; (5) the presentence report contained inaccurate information; (6) he received ineffective assistance of counsel; (7) the court erred by imposing an 18-month sentence for his supervised release violation.  The government submits that McAllister's petition is without merit and should be denied.  The court agrees.

I.  <u>Apprendi</u>

McAllister claims that his sentence violates <u>Apprendi</u> because neither the indictment nor the plea agreement stipulated drug quantity.  Under <u>Apprendi</u>, any fact, other than a prior conviction, that increases a penalty beyond the proscribed statutory maximum must be submitted to a jury and proven beyond a

---

[1] The government argues that McAllister's habeas petition -- with the exception of his claim for ineffective assistance of counsel -- is procedurally barred by virtue of the fact that he did not file a direct appeal.  For purposes of this ruling, the court applies the default rule only to the claims that McAllister could have raised during the conviction and sentencing phases of his case.

reasonable.[2]  See United States v. Luciano, 311 F.3d 146, 149-50 (2d Cir. 2002).  However, "[e]ven if . . . not charged in the indictment or found by the jury, . . . drug . . . quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by a jury."  Id. at 150 (quoting United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)).

In this case, McAllister pleaded guilty, inter alia, to conspiracy to possess with intent to distribute and to distribute an unspecified amount of heroin, in violation of §§ 841(a)(1) and 846, which carries a maximum statutory penalty of 20 years.  See 21 U.S.C. § 841(b)(1)(C) ("In the case of a controlled substance in Schedule I or II . . . such person shall be sentenced to a term of imprisonment of not more than 20 years"); Luciano, 311 F.3d at 150 (stating § 841(b)(1)(C) is used to impose sentence for crimes involving indeterminate drug quantities).  Because the 70-month sentence that the court imposed on the narcotics conviction does not exceed the statutory maximum of 20 years, no violation under Apprendi occurred.  Therefore, McAllister's

---

[2] For purposes of this ruling, the court applies Apprendi and its progeny as understood at the time McAllister's conviction became final, and disregards the change in sentencing law effected by United States v. Booker, 125 S.Ct. 738 (2005).

petition is denied on this basis.[3]

II.  Speedy Trial

    McAllister also claims that he is entitled to habeas relief on the ground that he did not receive a speedy trial following his November 1999 arrest because he was not indicted for that arrest until March 2000.  Under the Speedy Trial Act of 1974, 18 U.S.C. § 3161, an indictment charging a defendant with the commission of an offense must be filed within thirty days of the defendant's arrest, and, if the defendant enters a plea of not guilty, his trial must begin within seventy days after he is presented before a judicial officer.  See 18 U.S.C. §§ 3161(b) & (c)(1).

    Contrary to McAllister's assertion, he was arrested in November 1999 for violating his supervised release, not for the narcotics and firearm possession offenses.  McAllister was arrested for the latter violations on March 21, 2000, after the indictment that charged him with those offenses was filed.  See

---

    [3] For the same reasons, the court also denies McAllister's habeas petition to the extent he claims that he is entitled to relief because both the indictment and the plea agreement failed to specify drug quantity.  As discussed in Section I, drug quantity need not be specified for Apprendi purposes when a sentence is imposed under § 841(b)(1)(C).  See Luciano, 350 F.3d at 150.  Moreover, the agreement signed by McAllister clearly set out the applicable penalties: "Count One is punishable by up to twenty (20) years' [sic] imprisonment and fines of up to $1,000,000 . . . [and] Count Four is punishable by up to ten (10) years' [sic] imprisonment . . . and fines of up to $250,000."  Thus, no relief will issue on these grounds.

5

18 U.S.C. § 3161(b) (requiring indictment to be filed within 30 days of person's arrest). He appeared before a magistrate judge on the same day, March 21, 2000, and entered a plea of not guilty. On May, 30, 2000, McAllister changed his plea and entered a plea of guilty to counts one and four of the indictment, i.e., narcotics conspiracy and unlawful firearms possession. Because the date of McAllister's conviction, May 30, 2000, occurred within seventy days of the date that he initially appeared before the magistrate judge, on March 21, 2000, the Speedy Trial Act was not violated. See 18 U.S.C. § 3161(c)(1). Accordingly, McAllister's petition for habeas relief must be denied on this basis as well.

III. Illegal Search & Seizure

     McAllister next claims that the court should grant him habeas relief because, at the time of his November 1999 arrest, law enforcement officials seized a loaded firearm from the front-driver's-side of his car in violation of the Fourth Amendment.

     McAllister is not entitled to relief on this claim because, by pleading guilty to unlawful possession of a firearm, he waived his right to object to the constitutionality of the search of his car. See United States v. Arango, 966 F.2d 64, 66 (2d Cir. 1992) (holding that defendant waived his right to object, on direct appeal, to constitutionality of search of his van because he had pleaded guilty)(citing United States v. Doyle, 348 F.2d 715, 718 (2d Cir. 1965), cert. denied, 382 U.S. 843 (1965)). Accordingly,

6

McAllister's petition for habeas relief is denied on this basis
as well.

IV.  Sentencing Enhancement

     McAllister further claims that he is entitled to habeas
relief because, at sentencing, the court applied a two-level
enhancement to the narcotics conspiracy count for possession of a
firearm.  In particular, McAllister submits that the court erred
by enhancing his sentence on this basis because the firearm was
unlawfully seized from his vehicle at the time of his arrest and
because the enhancement violates the rule announced in Ring v.
Arizona, 536 U.S. 584 (2002).  As discussed in Section III,
supra, McAllister waived his claim to the illegal search and
seizure of the firearm by virtue of his plea of guilty to
unlawful possession of a firearm.  However, even if McAllister
had not waived his right to contest the seizure of the firearm,
the court nevertheless may consider illegally-seized evidence for
sentencing purposes.  See United States v. Tejada, 956 F.2d 1256,
1260-64 ) (2d Cir. 1992) ("sentencing judges must consider
relevant illegally seized evidence").

     Additionally, McAllister's claim fails with respect to Ring.
In Ring, the Supreme Court applied, but did not extend, the rule
in Apprendi to invalidate Arizona's sentencing scheme to the
extent it allowed a sentencing judge, sitting without a jury, to
impose the death penalty where the applicable maximum statutory
penalty for a crime was life imprisonment.  See Ring, 536 U.S. at

597-600.  In this case, because the 70-month sentence that
McAllister received comports with the rule in Apprendi, see
Section I & n.2, supra, it also comports with Ring.  That is,
neither Apprendi nor Ring are implicated because the sentence
imposed did not exceed the 20-year statutory maximum permitted
for a narcotics conviction under § 841(b)(1)(C).  Cf. Ring, 536
U.S. at 609 (reasoning that imposition of the death penalty,
absent a jury finding, necessarily exceeds the applicable maximum
penalty of life imprisonment).  Accordingly, McAllister is not
entitled to relief on this basis either.

V.   Presentence Report

_____McAllister also submits that he is entitled to habeas relief
because the court's reliance on the presentence report ("PSR")
violated his right to due process because the report contained
inaccurate information.  "Due process entitles defendants to fair
sentencing procedures, especially a right to be sentenced on the
basis of accurate information."  United States v. Pless, 982 F.2d
1118, 1127 (7th Cir. 1992) (citation omitted).  Pursuant to Rule
32 of the Federal Rules of Criminal Procedure, a defendant may
object to information contained in a PSR within 14 days after
receiving the report, or for "good cause" before sentencing.  See
Fed. R. Crim. P. 32(b)(5)(B) & (D) (2000).

    Here, McAllister does not show that he timely objected to
the allegedly inaccurate information in the PSR and thus this
claim is procedurally defaulted.  See United States v. Frady, 456

8

U.S. 152, 167 (1982) (holding that "cause" and "prejudice" standard applies on collateral review where relief is sought for errors at trial level but to which no contemporaneous objection was made). Because McAllister does not allege, much less demonstrate, the requisite "cause" and "prejudice" to overcome his procedural default, he is barred from raising this claim now. See id. Therefore, the court denies McAllister habeas relief on this basis.

VI.  Ineffective Assistance of Counsel

In addition, McAllister claims that he is entitled to habeas relief because he was denied effective assistance of counsel. In particular, McAllister asserts that counsel was deficient because he failed to: (1) raise objections under the Speedy Trial Act; (2) object to the plea agreement on the ground that it did not specify drug quantity; (3) review the PSR with him; and (4) object to the two-point enhancement for unlawful possession of a firearm.

Under Strickland v. Washington, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing. First, the petitioner must demonstrate that counsel's performance was deficient -- that is, errors were made of such serious magnitude that petitioner was deprived of the counsel guaranteed by the Sixth Amendment. See id. Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would

9

have been different.  <u>See</u> <u>id</u>. at 694.

In this case, McAllister is not entitled to habeas relief for ineffective assistance of counsel because he fails to demonstrate, with regard to any of the grounds that he asserts, that his counsel acted deficiently and that he suffered prejudice as a result.  <u>See</u> <u>id.</u> at 687.  Indeed, the court quickly disposes of the first three grounds on which McAllister bases his ineffective assistance claim because he fails to demonstrate "cause."  That is, it was not unreasonable for counsel not to object to the omission of drug quantity in the plea agreement because, as already discussed in Section I, <u>supra</u>, drug quantity need not be stipulated when a sentence is imposed for narcotics violations under § 841 (b)(1)(C).  Also, it was reasonable for counsel not to argue that McAllister was not timely convicted because, as discussed in Section III, <u>supra</u>, McAllister was convicted within the time limits set by the Speedy Trial Act.  Further, McAllister's argument that counsel was deficient for failing to review the PSR is contradicted by the sentencing transcript which shows McAllister stated to the court that he had discussed the PSR with counsel and that counsel had addressed his questions about the report.  Thus, because McAllister has not demonstrated the requisite "cause" under <u>Strickland</u>, his claim is denied as to these grounds.

McAllister's claim also fails to the extent he argues that counsel performed deficiently by failing to object to the two-

point enhancement for unlawful possession of a firearm.  That is,
even if the court assumes that counsel acted below the relevant
standard in this respect, McAllister still cannot demonstrate the
requisite "prejudice" under Strickland because a sentencing judge
may consider illegally seized evidence.  See Tejada, 956 F.2d at
1260-64 ("sentencing judges must consider relevant illegally
seized evidence").  Accordingly, McAllister's ineffective
assistance of counsel claim is denied on all grounds asserted.

VII. Supervised Release

      Finally, McAllister submits that the court should grant his
petition for habeas relief with respect to the 18-month sentence
it imposed for violating supervised release.  Although McAllister
concedes that the November 1999 arrest constitutes a violation of
his supervised release, he nonetheless contests the revocation of
his supervised release on the ground that (1) the revocation
hearing was conducted by a judge other than the one who
originally imposed the term of supervised release, and (2) no
determination was made at the hearing regarding a reduction in
sentence for his acceptance of responsibility in connection with
the May 30, 2000, plea of guilty to the narcotics and firearms
charges.

      Rule 32.1 of the Federal Rules of Criminal Procedure
provides that a revocation hearing "shall be held within . . .
the district of jurisdiction [and] . . . [t]he person shall be
given . . . an opportunity to appear and present evidence in the

11

person's own behalf." See Fed. R. Crim. P. 32.1 (2000).  In this
case, the record shows that the revocation hearing was held in
conformity with Rule 32.1 and therefore McAllister is not
entitled to relief.  Contrary to McAllister's assertion, the
revocation hearing occurred in the district having jurisdiction,
i.e., the District of Connecticut.  Merely because the hearing
was conducted by a judge other than the judge who originally
imposed the term of supervised release does not mean that the
court lacked jurisdiction to revoke McAllister's release.  See
Fed. R. Crim. P. 32.1(a)(2) (requiring only that "revocation
hearing . . . be held . . . in the district of jurisdiction" and
making no mention that the same judge must conduct the hearing).

    In addition, McAllister is not entitled to habeas relief on
the ground that the court did not consider his acceptance of
responsibility for the drug and firearms convictions to which he
pleaded guilty.  Because McAllister does not demonstrate that he
properly preserved this claim for collateral review, i.e., that
he objected to the 18-month sentence at the revocation hearing as
provided in Rule 32.1, his claim is procedurally defaulted.  See
Frady, 456 U.S. at 167.  In order to overcome the procedural bar
on habeas review, McAllister must demonstrate both "cause" for
his default and "prejudice" in the outcome.  See id. Even if the
court assumes that McAllister has established the requisite
"cause" for his default, he does not demonstrate "prejudice",
i.e., a reasonable probability that the court would have imposed

less than 18-months if it had considered McAllister's argument for a reduced sentence based on his acceptance of responsibility. Weighing heavily against such a conclusion is the fact that McAllister had previously violated supervised release and the court was not inclined to impose a reduced sentence simply because he had pleaded guilty to a new crime.  Accordingly, McAllister's petition is denied on this basis as well.

CONCLUSION

_____For the foregoing reasons, McAllister's petition for a writ of habeas corpus [dkt. # 37] is DENIED.  Because petitioner fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253(a)(2).

So ordered this ___ day of August, 2005, at Bridgeport, Connecticut.


_____
Alan H. Nevas
United States District Judge